# NICHOLAS ROTH

*v.*

# BRADNER SMITH.

1. EVIDENCE — *damages.* A defendant in an action of trespass *vi et armis* may show that he was persuaded by others to make an affidavit upon which an illegal arrest was made, to show the animus with which he acted, and to avoid vindictive damages. Evidence may be admissible for such a purpose, when it does not tend to establish a bar to the action; and the plaintiff may, when it is admitted, have the jury so instructed that it shall be limited to its legitimate purpose.

2. FALSE IMPRISONMENT — *what acts will subject a party to an action therefor.* Where a party makes an affidavit for the purpose of procuring legal process for the arrest of another, he will not be liable, in case of an improper use of the affidavit by an officer, who illegally arrested and imprisoned the party thereunder, without the knowledge and contrary to the intention of the person making the affidavit.

Statement of the case.

3. Instructions — *need not be repeated.* It is not error to refuse to give an instruction, when the same rule of law has already been given in another, although in different language.

4. Accessory — *in assault and false imprisonment.* A person who counsels, advises or procures the false imprisonment of another is liable as a principal for the consequences of the act, although he did not participate actively in the commission of the act.

5. New trial — *verdict against the evidence.* Where the weight of evidence is clearly against the finding of the jury, their verdict should be set aside and a new trial granted, and it is error in the court below to refuse, on a proper motion for the purpose.

Writ of Error to the Circuit Court of Jo Daviess county; the Hon. Benj. R. Sheldon, Judge, presiding.

This was an action of trespass *vi et armis* for false imprisonment, brought by Nicholas Roth, in the Jo Daviess Circuit Court, to the May Term, 1863, against Bradner Smith. The declaration contained two counts, to which defendant filed the plea of not guilty, upon which issue was joined. At the August Term, 1863, a trial was had before the court and a jury, who found a verdict of guilty, and assessed the damages at $300. A new trial was granted, and the cause was again tried at the October Term, 1863, of the Circuit Court.

It appeared on the trial, that the sheriff of Jo Daviess county, on the 11th day of August, 1862, arrested plaintiff, and committed him to jail and confined him there over twenty days. He then delivered him to the United States marshal. The sheriff swears that he had no process or warrant for the arrest of plaintiff, but made the arrest on an affidavit.

Another witness testified, that he and plaintiff were confined in jail from the 11th of August until the 2d of September, 1862; that they were then taken to Chicago and confined in Camp Douglass until some time in the early part of October; that a part of the time they were in jail they were confined in the cell, and another part had the liberty of the hall or passage between the cells; that plaintiff was kept in close confinement at both places.

The evidence shows, that plaintiff was a man of limited

means; that he had a wife and four children, who were altogether dependent on him for support; that he was sick when arrested. It also appears, that the sheriff refused to arrest plaintiff without an affidavit. Defendant made an affidavit that plaintiff, who had been a lieutenant in the 12th regiment of Illinois volunteers, had said, in the presence of affiant, that he had advised his, plaintiff's, friends not to enlist in the war; and that affiant understood, from admissions and statements, that he, plaintiff, was using exertions to discourage and prevent enlistments in the army. It was this affidavit under which the sheriff acted in making the arrest, and under no other authority.

It appears from the evidence that on the next day defendant stated, to several persons, " I am the man had him arrested," while speaking of and in reference to the arrest of plaintiff. It appears that plaintiff had an altercation with defendant on the same day plaintiff was arrested, when defendant accused plaintiff of cowardice, and that he stood behind a tree. That hard words occurred between them.

It appears from defendant's evidence, that either Miner or Hawkins asked defendant if he would make such an affidavit. McMaster testified, that he advised the sheriff to make the arrest, and advised Smith to make the affidavit. The sheriff testified, that defendant did not advise him to make the arrest. Huntington testified, that he went to defendant to get him to make the affidavit, but don't think any thing was said about the arrest of plaintiff. It also appeared that defendant was out of debt and worth some $10,000 or $12,000.

The jury found the defendant not guilty, and plaintiff thereupon entered a motion for a new trial which was overruled by the court, and judgment was rendered on the verdict. Plaintiff prosecutes this writ of error to reverse the judgment of the Circuit Court.

Mr. M. Y. Johnson, for the plaintiff in error.

Mr. George C. Campbell, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error sued defendant in error, in the Jo Daviess Circuit Court, for an assault and false imprisonment. The first count avers, that defendant, intending to injure and imprison plaintiff, made a pretended charge of his having discouraged volunteers from enlisting in the army of the United States; and to execute his evil intentions he caused plaintiff to be arrested and imprisoned by certain officers. That he was so arrested, and placed in the county jail without lawful authority or in accordance with the forms of law, and without any probable cause; and restrained of his liberty for the space of two months; and was removed from the county jail to Camp Douglas, in Cook county, and was there restrained of his liberty for the space of four months. The second count is in the usual form. The defendant pleaded the general issue, upon which a trial was had, resulting in a verdict of not guilty. A motion for a new trial was entered, but overruled by the court, and judgment rendered on the verdict.

It is insisted, that the Circuit Court erred, in permitting defendant below to prove that he was advised to make the affidavit under which it is claimed that plaintiff was arrested. If admissible for any purpose, the court below committed no error in permitting it to go to the jury. If for no other purpose, it was admissible to show the feelings of defendant toward plaintiff. The spirit which actuates a party who commits a trespass, enters largely into the question of damages. Where a party acts without malice, or under a misapprehension of facts, without malice or recklessness, he should not be punished with vindictive damages. For the purpose of showing, that he was not actuated by vindictive feelings this evidence was proper, and if proper for any purpose it should always be admitted, and if the party against whom it is received, desires to have it limited to its legitimate purpose he should ask an instruction for the purpose.

It is next insisted, that the court erred in giving the instructions asked by defendant. The second is more particularly

objected to as calculated to mislead the jury. It is this: "If the jury believe from the evidence, that the plaintiff was arrested by sheriff Miner, who had in his possession, at the time of making the arrest, the affidavit offered in evidence, and that it was procured by Harris and Huntington, for the purpose of arresting Roth, they not informing Smith of such purpose, and that it was not made or used by defendant for the purpose of having plaintiff arrested, then the jury should find the defendant not guilty, as far as the affidavit is concerned." If the mere making of the affidavit was relied upon as the only ground of recovery against defendant, then this instruction was proper. If he did not know the purpose for which the affidavit was procured, and did not intend it to be used for the purpose of arresting plaintiff illegally, or supposed that it was intended to be used to procure legal process for his arrest, then he did not incur any liability by making the affidavit. If this is what the instruction was designed to inform the jury it was unobjectionable. And this seems to be its fair import. There were other facts in the case upon which the jury were still required to pass unaffected by this instruction.

It is insisted that the court erred in refusing to give plaintiff's seventh instruction. There is no force in this objection, inasmuch as the propositions it announced were given in other instructions, in language somewhat different, it is true, but nevertheless the same in principle, and as clearly stated as by this instruction. This court has repeatedly held that the Circuit Court is not required to repeat the same rule of law, in various forms and in different instructions. That, having once stated a legal principle, it is the better practice not to incumber the record with other instructions announcing the same rule, to say nothing of the unfair advantage it might give the party asking them, by impressing the jury with the belief that the court regarded the principle thus announced as the most important question in the case.

The last ground urged in favor of a reversal was overruling the motion for a new trial by the court below. It involves the question whether the evidence warranted the finding of the

jury. If defendant counseled, advised or procured the arrest and imprisonment, although not an active participant in the act, he was neve 'hele s responsible for its consequences. If, however, he neither advised, counseled, aided nor assisted in the arrest, he should not be held liable.

Several persons seem to have advised him to make the affidavit for his arrest. He seems to have made it, and the sheriff had it when he arrested plaintiff. Again, two witnesses testified, that, on the day following the arrest and imprisonment of defendant, they heard defendant say that he was the man who had plaintiff arrested on the previous day. If this evidence is to be credited, it seems to us that it was an admission that he was responsible for the act. So far as the record before us discloses, these witnesses stand unimpeached, and unless their manner on the stand satisfied the jury that they were unworthy of belief, we must believe that the jury failed to give due weight to this admission. We therefore believe that the case should be submitted to another jury for their consideration. The judgment below is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

LAWRENCE, J.: I cannot concur in the opinion of the majority of the court. The evidence is contradictory, but I think it fully justifies the verdict.