## Philip C. Livingston v. George H. Burroughs.

*False imprisonment: Evidence: Malice: Motives.* In an action for false imprisonment, where the plaintiff has introduced evidence to show that defendant caused the arrest complained of at the instance of a third person to get plaintiff out of the way so that he could not testify as a witness in a suit then pending, defendant may give evidence as to conversations with such third person as to the arrest, tending to show that he was not induced to make the arrest for any such purpose.

*Exemplary damages: Evidence.* Where exemplary damages are claimed and are admissible it becomes a material question whether the defendant acted prudently, wisely, or in good faith, and for this purpose the information on which he acted, whether true or false, is original and material evidence.

*False imprisonment: Criminal complaints: Sources of information.* The information which, if believed, will justify making a criminal complaint, must be of such character and obtained from such sources that business men generally, of ordinary care, prudence and discretion, would act upon it under similar circumstances; and whether the facts of a case bring it within this rule, is a question for the jury.

*False imprisonment: Advice of counsel: Attorney.* The advice of one not an attorney, but who sometimes advises his neighbors for pay, is not admissible in evidence as advice of counsel in an action for false imprisonment.

*False imprisonment: Evidence: Probable cause: Exemplary damages: Actual damages.* In an action for false imprisonment, in procuring plaintiff's arrest upon a criminal complaint and warrant which charged no offense known to the law, the question whether the defendant has reasonable or probable cause for making the complaint is wholly immaterial, except as it affects the recovery of exemplary damages; his good

faith could not prevent the recovery of the actual damages plaintiff suffered.

*Submitted on briefs January 19.    Decided April 18.*

Error to Wayne Circuit.

*George H. Prentis,* for plaintiff in error.

*Moore & Moore,* for defendant in error.

MARSTON, J:

This was an action on the case for false imprisonment. Defendant in error made complaint before Caleb J. Barlow, a justice of the peace, upon which a warrant was issued, and plaintiff in error arrested thereon, at the city of Detroit, December 13, 1873.    The plaintiff testified on his own behalf that he was taken before the justice on the evening of the same day that he was arrested, and that he "stayed with the said justice from that time (Saturday, December 13th, 1873) until Monday morning, December 15th, when the said defendant Burroughs appeared, and on his motion the examination was adjourned until December 30th, although the plaintiff was ready and asked that the examination should be had at that time, and said plaintiff was allowed to go upon his own recognizance from said 15th to said 30th day of December;" that on the 30th the parties again appeared and such proceedings were thereupon had that the plaintiff was discharged.

It seems to have been conceded on the trial in the court below, and also in this court, that neither the complaint made before the justice, nor the warrant issued thereon, alleged any offense known to the law, and that the arrest and imprisonment thereunder were consequently illegal.

The defendant was examined as a witness on his own behalf; and after testifying that he made the complaint and caused the warrant to be issued, he further testified that he did so "under the advice of one William E. Warner, who was not an attorney, but who sometimes gave advice to his

neighbors in the country for pay; and also upon the statements of Myron Ellis and one or two others, that the said plaintiff Livingston intended to cheat him, Burroughs, out of what he, Livingston, owed him." He also testified to statements made to him by the plaintiff, and also by several other parties, as to conveyances of certain lands for the purpose of cheating him. This evidence was all objected to, but upon what ground does not appear. After all the evidence in the case was introduced, and before the case was submitted to the jury, counsel for the plaintiff moved to strike out all this evidence on the ground that it was incompetent, irrelevant and immaterial. The motion was overruled, counsel excepted, and error is assigned thereon.

Counsel for defendant in error now insist that this evidence was introduced in mitigation of damages, for the purpose of showing that defendant had reasonable or probable cause for making the complaint, and that he was not actuated by malice.

Evidence had been introduced on the part of the plaintiff tending to show that Burroughs was induced to cause plaintiff's arrest at the instance of one Ellis, who wanted to get plaintiff out of the way, so that he could not be a witness in a certain cause then pending at the time of his arrest. Defendant had undoubtedly the right to prove by any competent testimony that he was not induced to make the arrest for any such purpose as the one to which the plaintiff had thus testified, and for this purpose might have introduced and testified to the conversations he had with Ellis, if any, in reference to the arrest. But independent of this, we still think the evidence was admissible in case the plaintiff claimed any thing more than actual damages in the case. Exemplary damages may be allowed in cases where the elements of fraud, malice, gross negligence or oppression mingle in the controversy. In such cases it becomes a material question whether the defendant acted prudently, wisely or in good faith, and for this purpose the

33 MICH.—65.

information on which he acted, whether true or false, is original and material evidence.—*1 Green. Ev.* § *101.*

For the purpose of determining whether, under all the circumstances, the party acted in good faith or not, the jury will have the right, and it will be their duty, to consider the sources from which the party sought and derived his information. He would not be justified in knowingly seeking and acting upon information, either of law or fact, given him by unreliable or disreputable parties. We can but say that the information should be of such character, and be obtained from such sources, that business men generally, of ordinary care, prudence and discretion, would act upon it under similar circumstances, believing it to be reliable.— *Gallaway v. Burr, 32 Mich., 332.* And whether the facts will bring the case within this rule or not, must be a question for the jury.

The evidence as to the advice of Warner was inadmissible. This is disposed of in *Stanton v. Hart, 27 Mich., 540.*

The court, at the request of defendant's counsel, charged the jury, *first,* "that the evidence in this case shows a case of malicious prosecution, if it shows any thing, and that under the plaintiff's declaration he cannot maintain a case of malicious prosecution."

The court was also requested to charge, *fourth,* "that the jury cannot find in favor of the plaintiff Livingston, without being satisfied that Burroughs procured the arrest of Livingston without reasonable or probable cause for making the complaint before justice Barlow, and that Burroughs, in making the complaint, was actuated by feelings of malice." To which the court said: "I will say to you on that, that you can find nothing more than nominal damages."

We think the first request as given was ambiguous and likely to mislead the jury. As to the fourth, whether Burroughs had or had not reasonable or probable cause for making the complaint, was wholly immaterial, except as it might affect the question of exemplary damages. His good faith could not prevent the plaintiff from recovering the

actual damages he had suffered from the alleged false imprisonment.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.