### A. M. Allen, Appellee, v. Morris R. Cable, Trading as The Cable Wrecking & Lumber Co., Appellant.

### Gen. No. 17,416.

1. TROVER—*when instruction as to exemplary damages erroneous.* An instruction which permits an award of exemplary damages in an action of trover, is erroneous where there is no evidence that defendant's purchase of the goods from one claiming to be plaintiff's agent was not made in good faith, and where defendant removed the property openly and without haste, and was not notified that the sale was without the owner's knowledge or consent until nearly all was removed.

2. Trover—*when error to exclude receipt.* When exemplary damages are sought in an action of trover where defendant purchased the goods in question of one claiming to be plaintiff's agent, it is error to exclude the receipt for the purchase price given to defendant, signed by such purported agent as agent, and describing the goods and their location.

3. Trover—*evidence—when exemplary damages are claimed.* When exemplary damages are claimed in an action of trover, the facts and circumstances immediately connected with the transaction tending to exhibit or explain the motive and intention of defendant or tending to show that he did the acts complained of in good faith are admissible in evidence.

Appeal from the Municipal Court of Chicago; the Hon. John R. Caverly, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed May 26, 1913. Rehearing denied June 9, 1913.

Maurice Alschuler, for appellant; Menz I. Rosenbaum, of counsel.

D. I. Jarrett, for appellee.

Mr. Justice Baker delivered the opinion of the court.

In an action of trover brought by appellee Allen against appellant, plaintiff had a verdict for $2,867.48 damages. He remitted $867.48, had judgment for $2,000 and the defendant appealed.

March 23, 1909, plaintiff was in California. He had a yard in Chicago in which were stored a lot of lumber taken from buildings which were demolished and a lot of second hand tools and implements. Howard W. Ames was plaintiff's agent in Chicago for the collection of rents. He, professing to act for the plaintiff but apparently without authority from him, sold to defendant said personal property and certain sheds for $75 and received from the defendant the purchase price.

The court gave for the plaintiff this instruction:

"The court instructs the jury that if you believe from the evidence that the defendant, Morris Cable,

took possession of and converted certain property of the plaintiff to his own use without right or authority, and in so doing acted with a wanton, wilful or reckless disregard of the rights of the plaintiff as charged in the declaration, and if the jury further finds from the evidence that justice and the public good requires it, then the law is that the jury are not confined in their verdict to the actual damages proven, if any, but they may give exemplary damages, not only to compensate the plaintiff, but to punish the defendant and to deter others from the commission of like offenses.''

There is in the record no evidence from which the jury might properly find that the defendant ''acted with a wanton, wilful or reckless disregard of the rights of the plaintiff.'' Defendant purchased the property of Ames, the agent of the plaintiff, and there is no evidence tending to show that such purchase was not made in good faith under the belief that Ames was authorized by the plaintiff to sell the same. Defendant did not attempt to remove the property secretly or hastily, but removed it openly and without haste. It was not until April 10 that plaintiff notified defendant that ''the pretended bill of sale made by Howard Ames to you of recent date was without my knowledge, authority and consent,'' and nearly all the property had then been removed.

Where a wrong doer acts in good faith under a *bona fide* claim of right with honest intentions and invades the rights of another so as to render himself liable to an action, punitive or exemplary damages are improper and it is error to submit the question of punitive damages to a jury in the absence of evidence of any requisite element for the application of the rule. 1 Amer. & Eng. Ency. of Law, 52, 53. ''Where a party acts without malice, or under a misapprehension of facts, without malice or recklessness, he should not be punished with vindictive damages.'' *Roth v. Smith,* 41 Ill. 314-317. On the evidence in this record we are of the opinion that the instruction complained of was erroneous in so far as it permitted an award of exem-

plary damages, since there was no evidence warranting the award of such damages.

The evidence as to the quantity, quality, condition and value of the property in question was conflicting, but we think it is clear that the recovery included exemplary damages.

Ames testified that he gave to the defendant the following receipt:

"CHICAGO, March 23, 1909.

Received of the Cable Wrecking & Lumber Company $75.00 in full for lumber, storage, building and contents, situated on the N. W. corner of Polk street and S. 48th Avenue. Signed H. W. Ames, agent for A. M. Allen."

Defendant offered the receipt in evidence and the court, on the objection of the plaintiff, excluded it.

When exemplary or punitive damages are claimed, all the facts and circumstances immediately connected with the transaction tending to exhibit or explain the motive and intention of the defendant, or tending to show that he did the acts complained of under an honest belief of his right to do so, are admissible in evidence. *Roth v. Smith,* 41 Ill. 314; *Voltz v. Blackmar,* 64 N. Y. 440; *Camp v. Camp,* 59 Vt. 667; *Livingston v. Burroughs,* 33 Mich. 511.

We think the court erred in excluding the receipt.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*