**HOSTETTLER et al. v. CARTER.**

No. 9236—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 244.)

**1. False Imprisonment — Action for Damages—Defenses.**

In an action for damages for false imprisonment, that the defendant acted with reasonable or probable cause to believe that the party arrested was guilty of the offense charged, is not a defense to the action.

**2. Same—Evidence.**

In an action for damages for false imprisonment in which punitive or exemplary damages are not asked, evidence that the defendant acted with reasonable or probable cause as to the guilt of the plaintiff is not admissible.

**3. Same—Punitive Damages—Mitigation.**

In an action for damages for false imprisonment in which exemplary damages are asked, evidence that the defendant acted with reasonable or probable cause is always competent to mitigate punitive or exemplary damages, but not as a defense to the action.

**4. Same—Liability in Damages—Agency.**

A manager of a store caused a person to be arrested in said store, charging that the party arrested had passed forged checks upon said store. The party arrested was confined in jail and discharged at the instance of said manager, without trial. The owner of such store was not present at the time said arrest was made, and did not particularly authorize such acts of his manager. Held, that in an action for false imprisonment in causing the said arrest, said manager was the agent of the owner of said store, and said owner is liable in damages for the said act of his said agent and manager.

(Syllabus by Collier, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Arlie Carter against D. J. Hostettler, Ralph Wicker, and John Burns. Judgment for plaintiff, motion for new trial denied, and defendants Hostettler and Wicker bring error. Affirmed.

Dan Huett, for plaintiffs in error.

H. Z. Wedgewood, for defendant in error.

Opinion by COLLIER, C. This is an ac-

tion brought by the defendant in error against the plaintiffs in error to recover damages for false imprisonment.

The petition, omitting caption and signatures, is as follows:

"(1) That the defendant Heads' Upstairs Shoe Store is a retail shoe store doing business as such in the city of Enid, Okla. That the defendant D. H. Hostettler is, and on the 14th day of December, 1916, was, the owner, with the control, management, and supervision of said store and its business. That at said time the defendant Ralph Wicker was the local manager, and in the actual control and management of said store. That there were other clerks therein waiting upon customers and attending to the business incident thereto, whose names plaintiff does not know. That the defendant John Burns was chief of police of the city of Enid.

"(2) That upon said date the plaintiff lawfully entered the store aforesaid, in company with one O. A. Powers, who wished to look at a pair of shoes therein. That while in said store in said capacity the said Ralph Wicker and the other employes and clerks aforesaid, whose names plaintiff does not know, unlawfully, wrongfully, forcibly, and against plaintiff's will, detained, held, and imprisoned him in said store, and unlawfully and wrongfully procured his arrest by the defendant John Burns, acting as a police officer of the city of Enid. That the arrest of the plaintiff, as aforesaid, was without a warrant, and was wrongful and illegal. That at once after the plaintiff had been so arrested, and without any indictment being filed against him, or opportunity given him to make a defense, he was, through and under the directions of said defendants, forcibly and unlawfully imprisoned in the county jail of Garfield county, and kept there for ten hours, or thereabouts. That he was so thrown into said jail among common criminals, and while there the Enid Daily Eagle, a newspaper of considerable circulation and influence, printed and published in its daily paper that he was confined in said jail upon a criminal charge. The plaintiff was liberated without any information or indictment being filed against him, and that said imprisonment, so as aforesaid procured by the defendants, was false, unlawful, and without cause. That by reason of the wrongful and unlawful imprisonment of the plaintiff as aforesaid, he has been disgraced, his good name tarnished, and his character traduced and blackened. That he has been caused to suffer humiliation and shame, and his credit and standing have been injured whereby he has been damaged in the sum of $5,000, no part of which has been paid.

"Wherefore plaintiff prays judgment against the defendants in the said sum of $5,000, and costs of suit."

Each of the defendants filed a general demurrer to the petition, which was overruled and excepted to. Upon the overruling of the demurrer D. J. Hostettler filed a general denial, except that he admitted that he is the owner of Head's Upstairs Shoe Store of the city of Enid, Okla., and that Ralph Wicker is local manager of the said store, and specifically denied that the defendant Ralph Wicker, or any of the clerks or employes in said store have any right or authority to act for him in any matter not proper in the conduct of retail shoe business. Ralph Wicker answered by general denial, except that he admitted that he is the local manager of the said store. John Burns answered by general denial, and admitted that he was the duly appointed, qualified, and acting chief of police of the city of Enid, Okla. To said answers replies were respectively filed.

The evidence in this case is voluminous, and we think fully sustains the allegations of the petition, and we therefore deem it unnecessary to recite it, especially as it is said in defendants' brief "that there is no substantial dispute as to the facts of the case, further than to say that in addition to evidence as to the allegations of the petition, the undisputed evidence was that the plaintiff was 21 years old; was a brakeman on the "Frisco"; that while in jail worried about what his people and friends might think of him being arrested and in jail, and whether or not he would be able to get work when he got out, or if the people would think he was a crook and not employ him; that he had never been in trouble before, and there was evidence that probable cause existed for believing the plaintiff guilty of having issued the false checks. Upon the conclusion of evidence the defendants demurred thereto, which demurrer was overruled and excepted to.

Among other instructions the court gave the following instructions:

"(1) The jury is instructed that the burden of proof in this cause is upon the plaintiff to establish all the material allegations of his petition; that is, that he was imprisoned by the defendants, or some of them, and, if he fails to prove the same by a fair preponderance of the evidence, then your verdict must be for the defendants. Upon the other hand, the court instructs you that after the plaintiff has proved the imprisonment, as herein instructed, it then devolves upon the defendants to show that they had probable cause for advising the arrest and imprisonment of the plaintiff and unless you can find a fair preponderance of the evidence that the defendants had probable cause for advising said arrest and imprison-

ment, it will be your duty to find for the plaintiff."

"(3) The court instructs the jury that, if you find from a preponderance of the evidence in this case that the plaintiff Arlie Carter was arrested and imprisoned in the county jail of Garfield county, Okla., and if you further find from the evidence that the Head's Upstairs Shoe Store, D. J. Hostettler, Ralph Wicker, or the owner, manager, or agents of said Head's Upstairs Shoe Store, directed, advised, and caused the arrest and imprisonment of said plaintiff and you further find from the evidence that said defendants had no probable cause for advising, directing, and causing the arrest and imprisonment of said plaintiff then and under these circumstances the court instructs the jury that such an arrest and imprisonment would be an illegal and unlawful arrest and imprisonment, and that said defendants would be liable in damages to the plaintiff for such unlawful arrest and imprisonment, and you may assess his damages at such a sum as you may think proper, from the facts and circumstances of the case, not exceeding the sum of $5,00.

"(4) The court further instructs the jury that to constitute a probable cause for false arrest and false imprisonment there must be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.

"(5) You are further instructed, gentlemen of the jury, as a matter of law, that there can be no justified arrest without a warrant by a private person, unless it first be shown that a felony has actually been committed, and that there were reasonable grounds to believe that the person arrested was the felon; and the burden is upon the defendant, when sued for an arrest, to show that the circumstances justified such belief. And the foregoing rule of law is applicable to one who procures an arrest by an officer."

To the giving of each of said instructions the defendant duly excepted.

The defendants requested the following instructions:

"(1) You are instructed that under the evidence and the pleading in this case the plaintiff is not entitled to recover, and your verdict should be for the defendants.

"(2) You are instructed that under the pleadings and evidence the plaintiff is not entitled to recover against the defendant D. J. Hostettler, and your verdict should be for said defendant.

"(3) Gentlemen of the jury, you are instructed that probable cause is a reasonable ground of suspicion, supported by facts and circumstances of such a nature as to justify a cautious and prudent person in believing that the accused was guilty of the offense charged.

"(4) You are further instructed that if you believe and find from the evidence that the defendants acted in good faith, believing that the plaintiff was the party who had passed the bad checks and guilty of obtaining money under false pretenses, and acted in good faith for the purpose of having the matter investigated by the sheriff and county attorney of Garfield county, and that the plaintiff was held only for the purpose of investigation by the sheriff, would not be entitled to recover in this action, and your verdict should be for the defendants.

"(5) You are further instructed that if you believe and find from the evidence that the defendant Ralph Wicker honestly believed that the plaintiff was the party who committed the felony, and in good faith called John Burns, then the chief of police of the town of Enid, and detailed to said Burns the facts as they were then known to said Ralph Wicker, and that the said John Burns, acting, in his official capacity, and believing that a felony had been committed, and had reasonable cause of believing that the plaintiff had committed the offense, and you further find from the evidence that the said John Burns and the said Ralph Wicker then went with the plaintiff to the office of the county attorney of Garfield county, Okla., and there detailed to said county attorney all of the facts and circumstances connected with the commission of said felony, and then believing that the plaintiff committed said offense, and that then the county attorney of Garfield county, Okla., together with the sheriff of said county, held said plaintiff for the purpose of making a further investigation of said matter then in that event the plaintiff would not be entitled to recover, and your verdict should be for the defendants.

"(6) You are further instructed that if you believe and find from the evidence that a felony had in fact been committed in the passing of the worthless checks and that the defendant Ralph Wicker had been informed by Johnson, another clerk in the store, that the plaintiff was the party who passed the worthless checks, then the defendant Ralph Wicker had reasonable cause for believing the plaintiff to be the person who passed said worthless checks; and that the defendant Ralph Wicker then called the police officer, Burns, in order that the said matter might be investigated, and that the police officer, Burns, then took the plaintiff to the office of the sheriff and county attorney of Garfield county, Okla., for the purpose of making or having an investigation made by said sheriff and county attorney, then the plaintiff cannot recover in this action, and your verdict should be for the defendants."

And to the refusal of the court to give

said instructions the defendants duly excepted. The jury returned a verdict for the plaintiff in the sum of $300, to which the defendant excepted. Timely motion was made for a new trial, which was overruled, exceptions saved, and error brought to this court.

It is earnestly contended by the plaintiff that this is an action for malicious prosecution, and with this contention we cannot agree, for, as contended by plaintiff, the petition undoubtedly states an action for false imprisonment, and the court did not err in overruling the demurrers to the petition.

The petition in this case seeks only the recovery of actual damages, and therefore the existence of probable cause for believing the defendant guilty of a felony is not a defense to this action, and upon proper objection evidence thereof should have been excluded. Had plaintiff sought to recover exemplary damages, then the existence of probable cause could have been legally shown to mitigate the damages, if the same had been pleaded as a defense, but such defense was not pleaded in the instant case.

"The question of the existence or want of existence of reasonable or probable cause in actions for false imprisonment, while subject to the same general rules of law governing its introduction in evidence as in actions for malicious prosecution, is a much less important element of defense. In actions for malicious prosecution, we have seen that it is a complete defense when properly shown. In actions for false imprisonment its effect is quite different; it will afford no justification; but evidence that the defendant acted with reasonable or probable cause is always competent to mitigate punitive or exemplary damages." Newell on False Imprisonment, p. 307, § 27.

In Samuel Comer v. George W. Knowles, 17 Kan. 436, it is held:

"In an action to recover damages for false imprisonment, evidence offered to show that the defendant, in committing the acts complained of, acted in good faith, and without malice, is not admissible for the purpose of diminishing the general and actual damages which the plaintiff has sustained. But where the plaintiff claims exemplary damages on account of willfulness or malice on the part of the defendant, such evidence is admissible in mitigation of such damages."

In Philip C. Livingston v. George H. Burroughs, 33 Mich. 511, it is held:

"In an action for false imprisonment in procuring plaintiff's arrest upon a criminal complaint and warrant which charged no offense known to the law, the question whether the defendant has reasonable or probable cause for making the complaint is wholly immaterial, except as it affects the recovery of exemplary damages; his good faith could not prevent the recovery of the actual damages plaintiff suffered."

In James Shanley v. William Wells, 71 Ill. 78, it is held:

"If a party is assaulted, beaten and imprisoned by a police officer, in arresting him without authority of law, he will be entitled to recover in an action of trespass, no matter what may have been the officer's motives. In such a case, probable cause that the plaintiff was guilty of a misdemeanor or violation of an ordinance, and absence of malice on the part of the officer, will afford no justification."

In Sugg v. Pool et al., 2 Stew. & P. (Ala.) 196, it is held:

(1) "It cannot be pleaded, in justification to an action of trespass for false imprisonment, that defendant had reason to believe plaintiff a murderer, whose description he answered."

(2) "Such facts can only go in mitigation of damages."

Instructions Nos. 1, 3, 4, and 5, given by the court, were more favorable to the defendants than 'they were entitled to, and were without any issue involved in this cause, and the giving of said instructions, though error, was not prejudicial error. There being evidence to sustain the allegation of the petition, the court did not err in refusing to give the said requested instruction numbered 1.

The undisputed evidence is that Ralph Wicker was the general manager of the shoe store, and had full control thereof, and though the owner of said store was not present at the time the plaintiff was arrested, the said Hostettler, the owner of said store, was responsible for the acts of his said manager, and hence the court did not err in refusing to give instruction numbered 2, requested by the defendant Hostettler.

In Harris v. Louisville, N. O. & T. R. Co. (C. C.) 35 Fed. 116, it is held:

"The master is liable if the agent, while engaged in his master's service of pursuing a criminal, arrest illegally another man, supposing him to be the fugitive, although acting in disobedience of orders in further pursuit."

The trial court in its instructions to the jury in said case instructed:

"Now, gentlemen of the jury, is the defendant responsible for this trespass upon the right of a freeman to be always free, not only from wrongful arrest, but from wrongful accusation and wrongful punish-

ment of the kind inflicted on this plaintiff 'without due process of law'? I use this language in the sense that belongs to it by the traditions of our race, and that has been stamped upon it by our law. For it is my opinion that in the exaggerated attention we pay to mere political freedom—the mere right to conduct the government—we are losing the sense of regard for personal immunity from interference by arbitrary power, such as has been exercised against the plaintiff and, if not in this repulsive form, in a less degree often used against others who submit without more than a temporary protest. That the defendant is responsible to the plaintiff in the facts of this case there can be no doubt."

On appeal to the United States Circuit Court, Judge Hammond, speaking for the court, approved said instructions.

In Sarah E. Knowles v. Bullene, Moore, Emory & Co., 71 Mo. App. 341, it is held:

"The employes in a department store have authority to protect the goods, and if, in attempting to do so, they make a mistake to the injury of a stranger, the principals are liable."

"If an agent acting within the scope of his agency or apparent authority commit a wrong to the injury of a third party, the principal is liable. and in such case the principal is not relieved because the agent in the matter exceeded his authority." Wachter v. Phoenix Assur. Co., 132 Pa. 438, 19 Atl. 289, 19 Am. St. Rep. 600; 1 Am. & Eng. Enc. Law, p. 415, note 2; Evansville & T. H. R. Co. v. McKee, 99 Ind. 519, 50 Am. Rep. 102.

"A master is liable for the acts of his servants performed in the course of his employment, although the master did not directly authorize the act, nor subsequently ratify it." Philadelphia & R. R. Co. v. Derby, 55 U. S. (14 How.) 468, 14 L. Ed. 502; New Orleans, M. & C. R. Co. v. Hanning, 82 U. S. (15 Wall.) 649, 21 L. Ed. 220.

"If the wrongful acts of the agent result in the wrongful arrest of the party, the corporation is liable." Lynch v. Metropolitan Elev. R. Co., 90 N. Y. 77, 43 Am. Rep, 141; Standish v. Narragansett S. S. Co., 111 Mass. 512, 15 Am. Rep. 66; Duggan v. Baltimore & O. R. Co., 159 Pa. 248, 28 Atl. 182, 186 39 Am. St. Rep. 672.

Certainly the manager of the owner was acting within the scope of his authority and endeavoring to protect the interests of the owner in causing the arrest of the plaintiff.

Requested instructions Nos. 3, 4, 5, and 6 do not correctly state the law of the case, as each of said instructions authorize a finding for the defendant in the event it is found the arrest of the plaintiff was based upon

the fact that a felony had been committed, and defendants had reasonable cause for believing that the plaintiff had committed the offense, and therefore the court did not err in refusing to give said instructions.

This being an action for false imprisonment, the argument made, to which defendants' brief is principally directed, that the existence of probable cause is a defense, is not well taken, and cases cited in support of said argument are not in point. It is also earnestly insisted by the defendant that damages awarded are excessive; are the result of prejudice and passion, and with this contention we cannot agree, and are of the opinion that the jury, under the evidence, would have been warranted in awarding much higher damages than it did. It follows that the court did not err in overruling the motion for a new trial.

Finding no error in the record of which defendant can rightfully complain, this cause is affirmed.

By the Court: It is so ordered.