William Boudoures, Appellee, v. Earl G. Galloway and Sigmund H. Von Gruenigen, Trading as Galloway-Von Gruenigen Plumbing & Heating Company, Appellants.

Heard in this court at the February term, 1930.

Opinion filed May 21, 1930.

E. L. Maher, for appellants; J. B. Harris, of counsel.

Keefe, Bandy & Listeman, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

Appellee recovered a verdict against appellants in the sum of $1,080, upon which judgment was entered. The declaration charged that appellants wilfully, maliciously and wrongfully entered the building of appellee and carried away an oil burner and converted the same to their own use.

The evidence shows that appellants are engaged in the plumbing business as contractors; that appellee was the owner of a mercantile building in Granite City and had installed in said building an oil burner for the heating thereof. Sometime after the purchase of the oil burner appellee leased a portion of his building to another tenant known as the Newberry Company, who

entered into a contract with appellants to install a new heating system in the building. The evidence on the part of appellee tends to show that when appellants installed the heating system for the Newberry Company they removed appellee's oil burner from the premises and never returned it to appellee.

Sometime after the oil burner had been removed, the heating company, from whom appellee had purchased the oil burner, filed a mechanic's lien suit for the purpose of enforcing payment of the unpaid part of the purchase price which appellee owed for the oil burner. In this suit appellant, Von Gruenigen, testified that his partner, appellant Galloway, had removed the oil burner and stored it. Appellee testified to a conversation that he had with appellant, Von Gruenigen, in which he told appellee that he had taken the oil burner and stored it, without disclosing the whereabouts of the burner.

The evidence on the part of appellants denied that they or their employees had taken the oil burner, and disclaimed any knowledge as to its whereabouts, but appellant, Von Gruenigen, admitted that he had testified in the mechanic's lien suit substantially as related by appellee.

The proof on the part of appellee tends to show that the actual cost of the oil burner with the installation charges was $800.

Appellants contend that there was an entire lack of evidence as to any malicious wrong and therefore no ground for punitive damages over and above the actual value of the oil burner, and in this respect we think the judgment is excessive and that the evidence did not warrant a verdict for anything in excess of the actual cost or value of the oil burner.

Appellants also contend that there is no evidence tending to support the verdict. By submitting the case to the jury, without a motion to direct a verdict, appel-

lants must be held to have conceded that there was evidence tending to support the allegations contained in the declaration, and that question was not raised or preserved by the motion for a new trial. *Warth v. Loewenstein & Sons,* 219 Ill. 222.

· Under the evidence in this record it was a question of fact for the jury to determine as to whether or not appellants were guilty of the alleged trespass and converting of the property of appellee, and in view of the sharp conflict in the testimony we would not be warranted in reversing the case upon this ground.

Appellants also contend that the court should have granted a new trial on the ground of newly-discovered evidence, but after an examination of the affidavits offered in support of the motion for a new trial we are of the opinion that the trial court did not err in refusing to grant a new trial on account of the alleged newly-discovered evidence, which was merely cumulative in its nature. There was no showing of diligence or that it could not have been discovered by reasonable inquiry prior to the trial.

We are of the opinion that the judgment is excessive in the sum of $280, and if appellee will within 15 days from the filing of this opinion file his remittitur in the sum of $280 the clerk of this court is directed to enter judgment affirming the judgment of the court below in the sum of $800. In case of such remittitur appellants will be taxed with two-thirds of the costs in this court and appellee with one-third of the costs. In the event remittitur is not filed as above directed the cause will be reversed and remanded for a new trial.

*Judgment for $800 affirmed upon filing of remittitur of $280 by appellee.*