(No. 36754.—

JACOB SHAPIRO, Appellant, *vs.* TESSIE GROSBY *et al.,* Appellees and Cross Appellants.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

THEODORE SHARF, of Chicago, for appellant.

SUEKOFF, FROST & SPIEGEL, A. EDMUND PETERSON and CARL F. FAUST, all of Chicago, (RAYMOND I. SUEKOFF, AVERN B. SCOLNIK, and MORRIS D. SPIEGEL, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Jacob Shapiro, a grandchild and one of the heirs of Anna Grossky, deceased, brought suit in the superior court of Cook County to declare ownership of certain real estate to be in himself and the other heirs. The complaint also seeks to set aside deeds bearing decedent's name as grantor, through which title was purportedly transferred to a realty company belonging to her son, Albert Grosby. The son Albert also died prior to the filing of this suit, and the prin-

cipal defendants are his widow and the trustee under his will.

After lengthy hearings before a master a decree was entered, on the latter's report, dismissing the complaint for want of equity and apportioning the master's fees, $2,174.14 against the plaintiff and $1,087.06 against defendants. Plaintiff appeals. The principal defendants have taken a cross-appeal insofar as the decree taxes them with part of the fees. The cause comes directly to this court for review since a freehold is involved.

Four parcels of Chicago real estate are involved. Parcel 1, located at 801 North LaSalle Street, was acquired by Anna Grossky, a widow, on May 25, 1916. In 1924 she conveyed to her daughter Ruby who in turn conveyed to Albert the following year. From 1922 to 1929 Albert purchased from others the remaining three parcels, located respectively at 2296 Clybourn Avenue, 2555-63 North Lincoln Avenue, and the northeast corner of Ardmore and Milwaukee avenues.

In 1930 he found himself in financial difficulties. To avoid the effect of judgments against him he put the four parcels first in the name of his wife Tessie. A few months later the properties were transferred to a sister, one Goldie Lavine of Cleveland, Ohio, from whom deeds subsequently appeared conveying to the mother, Anna Grossky, as grantee. All four of the latter deeds showed mailing, after recording, to Albert's realty company.

The four deeds in dispute here convey to the realty company, or to other grantees who in turn conveyed to the realty company. They bear dates in 1934, or prior thereto, and purport to be executed and acknowledged by Anna Grossky. In fact her name was written thereon by Albert. In no instance was Anna Grossky present. The notary who took the acknowledgment was employed by Albert as a secretary. She testified that the deeds were signed in reliance upon a power of attorney. The power of attorney,

which was signed by Anna Grossky on a date prior to acquisition of the property involved here, was limited to real estate which she then owned and was ineffective to authorize the conveyances in question.

It is undisputed that from the times he originally acquired the titles until his death on November 15, 1951, Albert collected the rents, paid all expenses, showed ownership in himself on his books and records, included the income in his income tax returns, and otherwise dealt with the properties as owner. No action questioning his ownership was taken by anyone, either before or after his death, until the present suit was filed on August 29, 1956, although at the time of Anna's death in 1947 there was some family talk about Albert having "stolen" parcel 1 from her.

After Albert's death his widow renounced the will and entered into a settlement with the executor and trustee whereby she received as a part of her distributive share the four parcels of real estate involved in this case. She subsequently conveyed them to the Este Building Corporation, the present title holder.

In dismissing the complaint the superior court held that as to parcels 2, 3 and 4 Albert was the equitable owner and should be decreed to have title regardless of conveyances to and from Anna Grossky, and that as to all the parcels the complaint should be dismissed on the ground of *laches*. We think the court was substantially correct in so holding. Albert Grosby's original acquisition and ownership of all four parcels is not challenged in this case. He purchased from strangers parcels 2, 3 and 4, and he acquired parcel 1 in 1925 by warranty deed from his sister Ruby Grosby, to whom Anna Grossky had previously deeded it. It seems evident that the manipulations of 1930-1932, whereby title was shuffled from Albert to Tessie to Goldie to Anna, were not *bona fide* transfers of ownership but mere paper transactions conducted for other purposes, the precise nature of

which is undisclosed. Questions about their equitableness or fairness toward creditors and others who may have had dealings with him are not before the court. The question here concerns ownership as between Albert and his mother, in whom the titles ended up prior to the signing of the deeds in dispute. On that issue is seems apparent that she was not the beneficial owner but functioned as a mere nominee or title holder for Albert, who at all times exercised rights of ownership with respect to the properties. Under such circumstances Albert remained owner at the time of his death, even if there had been no attempt to put legal title back in his own name. (*Gallagher* v. *Girote*, 23 Ill.2d 170.) The fact, therefore, that the deeds were defective or void as conveyances is of no consequence. On the facts shown here Anna Grossky or her heirs had no right to the properties, and the court properly refused relief.

Dismissal of the complaint was also proper on the ground of *laches*. Action was not commenced until 22 years after the deeds from Anna to Albert. During the intervening years not only the parties to the transaction but several other material witnesses had died, and no excuse or explanation for the long delay has been suggested. One who challenges title to real property must be diligent both in discovering that which will invalidate the title and in applying for relief. (*Miller* v. *Siwicki*, 8 Ill.2d 362; *James* v. *Frantz*, 21 Ill.2d 377.) There is a clear lack of diligence here, and the plaintiff is barred by *laches* from contesting the present title.

We think the superior court erred in assessing part of the master's fees to defendants. The lengthy hearings were made necessary by claims which were properly held to be without merit, and no good reason has been advanced why the plaintiff should be relieved of the full burden of the costs. Unless there is some equitable ground upon which to base an apportionment the successful party should not be

required to pay any portion of the costs. *McFail* v. *Braden,* 19 Ill.2d 108; *McCabe* v. *Hebner,* 410 Ill. 557; *Carrell* v. *Hibner,* 405 Ill. 545.

Plaintiff argues that the apportionment was proper because much of defendants' evidence related to defenses ultimately found to be unnecessary. We cannot accept the argument. When the evidence was taken it could not be known what the court's decision would be in regard to the several defenses, and the fact that defendants relied upon more than one does not of itself justify the assessment of part of the costs against them. *Oliver* v. *Wilhite,* 201 Ill. 552.

The decree of the superior court is reversed insofar as it taxes a portion of the costs against certain of the defendants, who are cross-appellants in this court. The decree is affirmed in all other respects. The cause is remanded with directions to enter a decree in accordance with the views herein expressed.

*Affirmed in part and*
*reversed in part and*
*remanded, with directions.*