A. P. RAUWOLF, Plaintiff-Appellant, *v.* TRAVELERS INDEMNITY COMPANY, Defendant-Appellee.

(No. 12075; 

Fourth District—June 27, 1974.

Harlan Heller, of Mattoon, for appellant.

Jack E. Horsley and Richard F. Record, Jr., both of Mattoon, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

A jury returned a verdict of not guilty upon plaintiff's claim for punitive damages arising from the conversion of personal property. He appeals the judgment entered upon such verdict and the order of the court which apportioned costs to the parties equally.

Here, it is urged that the court erred in admitting evidence that the verdict upon the claim for punitive damages "was not justified under the evidence," and that the court erred in admitting certain evidence.

In December, 1954, defendant became surety upon the bond of Hill Production Company given to the State of Illinois as required by the statute relating to permits for drilling oil and gas. In May, 1961, defendant and Hill Production executed a "rider" made a part of such bond which provided that if Hill failed to comply with the provisions of the statute, after due notice defendant's surety was authorized to comply with the request of the Department of Mines and Minerals and "to remove or correct any existing violations".[1]

From the record it appears that plaintiff acquired the fee to the real

---

[1] "If the Principal herein shall fail to comply with the provisions of the above entitled Act, after due notice has been given to said Principal at his permanent address, and due notice has been given to the Surety that the Principal has failed to comply with the provisions of this Act, the Principal hereby authorizes the Surety to comply with the request of the Department of Mines and Minerals, Division of Oil and Gass [sic], after due notice to the Surety, to remove or correct any existing violations of the above entitled Act."

estate in September, 1955, and that at various times in 1967, he acquired the personal property from Hill Production and the other parties interested. There is no issue as to plaintiff's ownership of the property.

In March, 1968, the Department of Mines and Minerals, acting through its official, Lane, sent a letter by certified mail to defendant, including:

> "According to the records of this office there are still five plugged wells and one active well charged to the above described Blanket Bond. Hill Production Company has not replied to our requests. This is your THIRTY DAY NOTICE to restore the five plugged wells and to plug the one active well shown on the attached lists. We will appreciate your keeping us informed as to the progress in the matter."

On April 25, 1968, the same official wrote defendant referring to said notice and requesting a report upon the performance. Thereafter, defendant entered into an arrangement whereby one Harris plugged a well and restored five drill sites and for such services received the items of personal property at issue.

Defendant admits that it does not claim ownership or other interest in the personalty, that it did not, prior to removal of the property, examine records concerning the present ownership of the real estate or of the personal property and that it did not search for the Hill Production Company or its successors.

Plaintiff urges that the evidence clearly shows "a wilful, knowing appropriation of the property of the plaintiff", and that the verdict of the jury cannot stand under the rule in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. Essentially it is contended that upon these facts plaintiff is entitled to punitive damages as a matter of law.

The count in the complaint seeking punitive damages alleges that defendant did "maliciously and wickedly and fraudulently" remove the property of the defendant. No allegation is made of facts which show express malice directed against plaintiff, or of fraud. No facts pleaded or in evidence suggest that defendant knew that plaintiff owned the property, or that the taking was directed against the interests of a known owner, or that defendant was acting in disregard of a known duty to others.

So far as can be ascertained from the record, the defendant by reason of its contract of surety, undertook to perform its legal obligation as such surety upon receipt of the "THIRTY DAY NOTICE" from the Department of Mines and Minerals, that Hill Production had not performed its statutory duty.

■■ Upon such facts it cannot be said that there was any evidence

showing express malice or an actual intent to injure plaintiff or any other. ■■ Although plaintiff apparently alleges an intent to injure or defraud, the argument seeking punitive damages is in the context of wilful and wanton conduct. In *Moore v. Jewel Tea Co.*, 116 Ill.App.2d 109, 253 N.E. 2d 636, wilful and wanton conduct is defined as essentially a failure to exercise ordinary care so gross that it shows a lack of regard for the interests of others. The substance of that opinion is that the record showed that defendant, in that case, had knowledge that its product had caused, or was likely to cause, injury to others.

Plaintiff has cited no authority determining that plaintiff had a legal obligation to search for Hill Production or its successors in ownership of the personalty. We are cited to no authority holding that the owner of the fee acquires any interest upon the personal property brought upon the premises by a lessee of oil rights. Although it appears that plaintiff negotiated with Hill Production, it is not contended that plaintiff notified defendant of the acquiring of the ownership of the personalty.

In *Boudoures v. Galloway*, 258 Ill.App. 30, the owner of the building sought damages, both actual and punitive, from the defendant. The tenant of the owner had contracted with the defendant to install a new heating system. Defendant removed the oil burner on the premises and installed a new one. The evidence was conflicting as to whether the defendant had retained the oil burner which was removed. The court reversed an award of punitive damages noting an entire lack of evidence as to any malicious wrong. For cases stating grounds for punitive damages see Annot., 54 A.L.R.2d 1361 (1957). See also *Jeffersonville Silgas, Inc. v. Wilson* (Ct. App. Ind. 1972), 290 N.E.2d 113.

■■ The plaintiff urges that the court erred in permitting the official from the Department of Mines and Minerals to testify that plaintiff had not filed a bond for the operation of the oil leases prior to the time of the removal of the equipment by defendant. Such testimony was limited to the issues of punitive damages and the court expressed the view that if such bond had been filed the Department would not have issued the notice to defendant, or the transfer of interest would have been apparent to it.

In *Roth v. Smith*, 41 Ill. 314, plaintiff sued defendant for false imprisonment. After a verdict of not guilty, it was urged on appeal that it was error to permit defendant to prove that he was advised to make the affidavit which was the basis of plaintiff's arrest. The court held that such evidence was admissible to show the feelings of the defendant toward plaintiff, and said:

> "The spirit which actuates a party who commits a trespass, enters largely into the question of damages. Where a party acts without

malice, or under a misapprehension of facts, without malice or recklessness, he should not be punished with vindictive damages." 41 Ill. at 318.

Plaintiff cites *Dowdey v. Palmer,* 287 Ill. 42, 122 N.E. 102, and *Razor v. Razor,* 149 Ill. 621, 36 N.E. 963, upon the issue of the admissibility of the Lane testimony. In each cited case, it was held that certain letters received and retained by an individual were not admissible as evidence of a meretricious relationship in the absence of evidence that such recipient approved or acted upon the matter contained in the letters. The issue here is the intent or mental state of defendant rather than that of the plaintiff. In the light of the authorities cited we conclude that *Dowdey* and *Razor* do not persuade.

Where plaintiff claims exemplary damages, it is for the jury to determine from all the facts and circumstances whether malice is shown and whether the case requires more than compensatory damages. *Chapin v. Tampoorlos,* 325 Ill.App. 219, 59 N.E.2d 334.

■■ We find no error in the order of the trial court that each party bear the costs equally. Such determination is within the provisions of the Illinois Revised Statutes 1971, chapter 33, paragraph 12, which provides:

"Where there are several counts in any complaint, and any one of them be adjudged insufficient, or a verdict on any issue joined thereon shall be found for the defendant, costs shall be awarded in the discretion of the court."

Defendant cites *Shapiro v. Grosby,* 25 Ill.2d 245, 184 N.E.2d 855, and *McFail v. Braden,* 19 Ill.2d 108, 166 N.E.2d 46. In *Shapiro,* defendant prevailed upon all issues. It was held error to tax a part of the Master's costs against the defendant. In *McFail,* it was held to be error to apportion costs equally where plaintiff had prevailed upon all issues. Neither case is controlling where, as here, the plaintiff prevailed upon his claim for compensatory damages, but defendant prevailed upon the claim for punitive damages.

The judgment is affirmed.

CRAVEN and SIMKINS, JJ., concur.