MARY KAY DICKSON, Plaintiff-Appellee, *v.* CARL DAYLE RIEBLING, Defendant-Appellant.

(No. 74-312; ▉▉▉▉▉▉▉▉)

Third District—July 25, 1975.

*Rehearing denied September 8, 1975.*

Cassidy, Cassidy & Mueller, of Peoria (Jack Cassidy, Jr., of counsel), for appellant.

Robert Calkins, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Mary Kay Dickson, brought this action in the circuit court of Peoria County against the defendant, Carl Dayle Riebling, to recover damages for the alleged conversion of a Hammond organ. The circuit court entered judgment upon a jury verdict in the amount of $2500 in favor of the plaintiff. Defendant appeals from the order denying his post-trial motion.

Plaintiff is an entertainer, and the defendant owned and operated a restaurant-tavern. In August 1972, plaintiff was engaged to perform at the piano bar. The parties arranged for plaintiff to use her own Ham-

mond organ due to plaintiff's belief that this would produce a better performance. Toward this end, both parties shared the cost of moving the organ to the tavern.

The tavern was located on premises leased from one George LaHood. On February 11, 1973, these premises suffered a total fire loss.

On September 13, 1973, plaintiff filed a complaint alleging that she owned the Hammond organ and placed it within the tavern during the month of August, 1972, where it remained until after February 11, 1973. Plaintiff further alleged that the fire had resulted in extensive damage to the building and its contents. Thereafter, defendant allegedly requested plaintiff not to remove the organ until the premises could be examined and inspected for adjustment of loss purposes. The complaint alleged that on or about March 15, 1973, the defendant converted the organ to his own use by failing to return it to the plaintiff. The plaintiff further alleged that on or about June 6, 1973, and again on or about July 9, 1973, she demanded return of her instrument. The plaintiff sought compensatory damages of $1000 and exemplary damages of $5000.

The parties agreed to a settled report of the proceedings. The defendant testified that on the basis of a lease, providing for termination upon substantial destruction by fire, he felt he had no possessory or legal interest in the tavern after the fire. Riebling stated that on February 11, 1973, the Illinois Food and Drug Department placed an embargo on the premises. The defendant testified it was his understanding at the time that the embargo covered all items on the premises including the plaintiff's Hammond organ. As a result, defendant advised the plaintiff not to remove her instrument. On cross-examination, the defendant stated that he told plaintiff she could not have the organ until the loss was completely adjusted.

After defendant settled his loss with the insurance adjuster, he called LaHood, the owner of the premises, to advise him that LaHood could proceed with demolition. Riebling testified he did not advise LaHood that the plaintiff's instrument was on the premises. He also stated that he never contacted the plaintiff to advise her to remove the instrument from the tavern.

Early in April, 1973, LaHood hired Roy Frietsch to demolish the building. During the course of such work, his employees carried away plaintiff's instrument to Frietsch Park. (Frietsch was also joined as a defendant and judgment was entered against him, but he has taken no appeal.)

At the trial, the jury was instructed on wilful and wanton conduct (based on IPI No. 14.01) and exemplary damages (based on IPI 2d No. 35.01).

On appeal, the defendant urges: (1) that since he did not retain domin-

ion and control of the instrument in the period subsequent to the fire, he could not be guilty of conversion; and, (2) the instruction on exemplary damages was not warranted by the evidence.

The defendant's first contention is predicated on his lease which provided for termination upon substantial destruction by fire. This provision, however, only affects defendant's rights and duties with respect to his lessor. It can have no affect upon the plaintiff who was not a party to the lease. Here, the defendant's request that the instrument not be moved from the tavern after the fire pending settlement of his insurance claim is sufficient to justify the inference that he retained dominion and control of the organ.

■■ A conversion of a chattel consists of an unauthorized assumption of the right to possession or ownership. The essence of conversion is not the acquisition of the property by the wrongdoer but a wrongful deprivation of the owner thereof. One claiming a conversion must show a tortious conversion of the chattel, a right of property in it, and a right to immediate possession, absolute and unconditional and not dependent upon some act to be performed. (*Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc.,* 2 Ill.App.3d 978, 276 N.E.2d 89.) All that is required is the exercise of control by the defendant over the chattel in a manner inconsistent with the plaintiff's right of possession. *Landfield Finance Co. v. Feinerman,* 3 Ill.App.3d 487, 279 N.E.2d 30.

■■ In the instant appeal, the combined effect of defendant's actions was sufficient to permit the jury to find that defendant exercised control over the organ in a manner inconsistent with the plaintiff's right of possession. The defendant's failure to advise plaintiff the instrument could and should be removed, and his failure to advise LaHood of plaintiff's ownership before or at the time that defendant notified LaHood to proceed with the demolition justified the inference that defendant wrongfully deprived plaintiff of her property. We are unable to agree with defendant's theory that there could be no conversion on the facts in this case as a matter of law.

As for the argument of defendant concerning the issue of exemplary damages, we believe the evidence permitted the submission of the instructions to the jury. *Cf. Rauwolf v. Travelers Indemnity Co.,* 20 Ill.App.3d 226, 313 N.E.2d 504.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.