CHARLES F. BROWN, Plaintiff-Appellant, *v.* PETER EPSTEEN PONTIAC, INC., Defendant-Appellee.

First District (4th Division)   Nos. 76-1588, 77-299 cons.

Opinion filed December 15, 1977.—Rehearing denied January 12, 1978.

Vincent C. Lopez, of Chicago, for appellant.

Arthur DeBofsky and Max Rittenberg, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. Plaintiff, Charles F. Brown, was awarded a judgment of $500 for the illegal conversion of his automobile. Plaintiff filed a motion to vacate this judgment and to increase the judgment and award interest from the date of the conversion. These motions were denied. The plaintiff appeals from the denial of this motion.

The issues presented for review are: (1) whether the trial court erred in deciding the conversion took place a few months before June 17, 1968: (2)

whether the trial court erred in determining the market value of plaintiff's automobile; and (3) whether the trial court should have awarded interest from the date of the conversion.

The facts of the case are, on April 16, 1966, the plaintiff and his mother became the conditional purchasers of a 1965 Pontiac. On May 3, 1966, the automobile in question was involved in an accident which made it undrivable. The automobile was eventually towed by the plaintiff to his home. On May 7, 1966, the plaintiff surrendered his keys to a man who said he was going to tow the auto to the dealer to be repaired. The next day the plaintiff was given an estimate of the damage to the car. The estimate was for $800 to $1,000. The plaintiff did nothing with regard to ordering repairs. Plaintiff subsequently made a number of trips for an undisclosed purpose to the dealer. He never ordered repairs for the auto. Some "several, several" months after this the plaintiff found his car on the lot of a junk dealer. At trial, the owner of the junk yard testified he had bought the car from the dealer, along with a number of others, in June of 1968. In 1970, plaintiff brought the instant suit. In 1974, the case was tried as a bench trial and the plaintiff was awarded $500 in damages as a result of the conversion by the dealer.

■■ The first issue raised on review is whether the trial court erred in its determination of the date the conversion took place. At trial, the junk dealer testified he had received the car in question on June 17, 1968, from the dealer. Taking plaintiff's testimony as being true and factual, after making four or five visits to the dealer in 1966, he allowed the automobile he was purchasing on contract to remain on the lot of the dealer for over two years, doing nothing to make it drivable. Under these facts we think the trial court acted reasonably in determining the date of the conversion to be the date the dealer sold the car for junk. In addition, plaintiff's complaint does not allege the date of May 8, 1966, as the date the conversion took place. As this court said in *Dickson v. Riebling* (1975), 30 Ill. App. 3d 965, 967:

> "The essence of conversion is not the acquisition of the property by the wrongdoer but a wrongful deprivation of the owner thereof."

In the instant case the deprivation of the plaintiff occurred when the dealer sold the auto. Prior to that it had remained on the dealer's lot for two years with no requests to return it to a drivable condition by the plaintiff. The conversion could not have occurred as the plaintiff alleges.

■■ The second issue raised by the plaintiff is the trial court erred in determining the value of the auto. The plaintiff then asks this court to increase the award of damages made by the trial court. Nowhere in the record did the plaintiff establish the value of the auto on the date of the

conversion. Nor did the plaintiff establish how much he had paid on the retail installment contract. At the time of the conversion in June of 1968, the car in question was almost four years old and had, by the testimony of the plaintiff, $800 to $1,000 damage to it. The award of the trial court of $500 is not unreasonable nor is it an abuse of discretion.

■■ The last point raised by the plaintiff is whether or not he is entitled to interest on the value of his auto from the date of conversion to the time of the entry of judgment. Section 2 of the Interest Act (Ill. Rev. Stat. 1973, ch. 74, par. 2) provides for the award of interest only where there is an "unreasonable and vexatious delay of payment." In the instant case there was a material dispute as to the ownership of the auto. The dealer did not unreasonably or vexatiously withhold payment. By leaving the damaged auto on the dealer's lot for two years without ordering repairs, in a condition such that it was undrivable, could raise some doubt in a reasonable man's mind as to whether or not the plaintiff had abandoned the auto. Accordingly, the plaintiff is not entitled to any interest under the statute.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.