**In re Raymond P. MEYER, Jr., Debtor.**

**Bankruptcy No. 80 B 5929, 80 A 1884.**

United States Bankruptcy Court,
N. D. Ill., E. D.

Jan. 12, 1981.

Groupe, Katz & Popjoy, Chicago, Ill., for debtor.

Paul D. Fischer, Kravets, Fischer & Stanfa, Chicago, Ill., for Polk Bros.

### ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter comes to be heard on debtor's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Plaintiff Polk Bros. Inc. filed a

complaint under 11 U.S.C. § 523(a)(6)[1] alleging that debtor effected a willful and malicious conversion of plaintiff's property. Plaintiff prays for a judgment against debtor for the fair market value of the property allegedly converted. Debtor's dismissal motion asserts that under 11 U.S.C. § 523(a)(6) debts arising from a willful and malicious *injury* to property may be nondischargeable, but that debts arising from a willful and malicious *conversion* of property are dischargeable. The issue herein is whether a willful and malicious *conversion* of property creates a non-dischargeable debt within the meaning of 11 U.S.C. § 523(a)(6).

■■■ This court holds that the phrase "willful and malicious injury" used in § 523(a)(6) was intended to encompass "willful and malicious *conversion*." See 3 *Collier on Bankruptcy,* par. 523.16 (15th ed. 1979); *In re Hodges,* 4 B.R. 513 (Bkrtcy.W. D.Va.1980). In *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1935), the U.S. Supreme Court stated that "there is no doubt that an act of conversion, if willful and malicious, is an injury to property ..." *Davis, supra,* interpreted 'injury' to encompass conversion. Section 17(a)(2) of the Bankruptcy Act of 1898 held debts for "willful and malicious conversion" nondischargeable, while § 17(a)(8) of the Act held debts for "willful and malicious injuries" also nondischargeable. 11 U.S.C. § 35(a)(2), (8). In the Bankruptcy Reform Act of 1978, Congress deleted the term 'conversion'. This court construes the deletion as incorporating prior case law such as *Davis, supra.* Finally, the legislative history to 11 U.S.C. § 523(a)(6) states that "the phrase 'willful and malicious injury' covers a willful and malicious conversion." 124 Cong.Rec.H. 11,095–6 (Sept. 28, 1978); S.17,412–13 (Oct. 6, 1978). For a willful and malicious conversion to create a non-dischargeable debt, there must be a deliberate or intentional act, done with intent to do harm to the creditors' property.

"A mere technical conversion without conscious intent to violate the rights of another, and under mistake or misapprehension, is dischargeable." *Collier* and *Hodges, supra.* This court interprets 'willful' to mean 'deliberate or intentional,' and 'malicious' to mean "wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will." *Collier, supra.*

WHEREFORE, IT IS HEREBY ORDERED that Debtor's Motion to Dismiss is denied.

---

1. 11 U.S.C. § 523(a)(6) states in pertinent part: (a) A discharge ... does not discharge an individual debtor from any debt

　　*　　*　　*　　*　　*　　*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.