**In re John Kenneth SCOTELLA, Debtor.**

**PIONEER BANK AND TRUST COMPANY, Plaintiff,**

v.

**John Kenneth SCOTELLA, Defendant.**

**Bankruptcy No. 80 B 9889.**
**Adv. No. 80 A 1991.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 31, 1982.

Kamm & Shapiro, Chicago, Ill., for Pioneer.

John Ruddy, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the complaint of Pioneer Bank and Trust Company (Pioneer) to determine the dischargeability of a debt. Pioneer contends that its claim against debtor (Scotella) constitutes a nondischargeable debt under either 11 U.S.C. § 523(a)(4) or (a)(6). Scotella answered said complaint, and both parties supplied the court with briefs and memoranda. Based upon the facts as stipulated, and being fully advised in the premises, the court hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Scotella was the president, director, treasurer and sole stockholder of Land of Lakewood, Inc., a boat dealership. On May 20, 1979, he financed the purchase of a boat and motor through Pioneer. Scotella, as president of the company, then entered into and executed a chattel mortgage security agreement and note for $17,575 with Pioneer. Scotella also personally and individually guaranteed the note. The note called for monthly payments of $488 for 36 months. The note also contained an acceleration clause granting Pioneer the right to accelerate all payments due upon a default under the note or security agreement. The security agreement provided that debtor could not transfer the secured property without Pioneer's consent.

Around July 13, 1979, Scotella sold the boat for $19,631 without Pioneer's consent or knowledge of the completed sale. The proceeds of the sale were placed into The Land of Lakewood, Inc. general account and used for the general operating expenses of the company. Scotella intended to continue making monthly payments under the note, and he did so until June, 1980. Both Scotella and Land of Lakewood, Inc. filed petitions for relief under Title 11 of the United States Code in August, 1980. The balance due Pioneer on the note is $11,646.

## DISCUSSION

Pioneer contends that the unauthorized sale of the boat, and the use of the proceeds thereof, creates a nondischargeable debt under either 11 U.S.C. § 523(a)(4) or (a)(6). It also contends that Scotella is personally liable for the $11,646 since he guaranteed the payment of the note. Pioneer seeks an order declaring the debt nondischargeable and a judgment against Scotella for $11,646 plus costs. The issue herein is whether or not Scotella's actions constitute a "willful and malicious injury to property" within the meaning of § 523(a)(6).

■ Section 523(a)(6) provides in pertinent part that

"A discharge ... does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor ... to the property of another entity;"

The phrase "willful and malicious injury" has been interpreted to include a willful and malicious conversion of property. See, *3 Collier on Bankruptcy*, par. 523.16(3), (15th ed. 1979); *In re Meyer*, 7 B.R. 932, 3 C.B.C.2d 534 (Bkrtcy.N.D.Ill.1981). The unauthorized assumption of the right to ownership or possession of a chattel in a manner inconsistent with the owner's right to possession constitutes a conversion of that chattel. *Dickson v. Riebling*, 30 Ill.App.3d 965, 333 N.E.2d 646 (1975).

■ Pioneer held a security interest in the boat Scotella sold. The security agreement granted Pioneer the right to possess the boat if a default under the note occurred. Scotella's sale of the boat, without Pioneer's knowledge or consent, was inconsistent with Pioneer's rights under its security agreement and note. Therefore, Scotella converted Pioneer's property to his own use. *See In re Giantvalley*, 14 B.R. 457 (Bkrtcy.D.Nev.1981).

Pursuant to § 523(a)(6), however, a claim founded only upon a technical conversion

does not render a debt nondischargeable. *3 Collier on Bankruptcy*, par. 523.16[3], (15th ed. 1979). There must be a willful *and* malicious conversion. The word "willful" means "deliberate and intentional." H.R. No.95–595, 95th Cong., 1st Sess. (1977) 363; S.R.No.95–989, 95th Cong., 2nd Sess. (1978) 77–79, U.S.Code Cong. & Admin.News 1978, p. 5787. *In re Meyer, supra.* Scotella admitted that he sold the boat. This intentional act by Scotella deprived Pioneer of its secured rights. Thus, Scotella's act was willful, as defined under § 523(a)(6).

 Scotella, however, contends that his failure to pay over the money received from the sale of the boat does not constitute a "malicious" act, since he continued making monthly payments. "Malicious", as used in § 523(a)(6), means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *In re Meyer, supra; 3 Collier on Bankruptcy, supra.* A claim founded upon a technical conversion with conscious intent to violate the rights of another and without mistake is nondischargeable. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *In re Hodges,* 2 C.B.C.2d 566, 4 B.R. 513, 6 B.C.D. 531 (Bkrtcy.W.D. Va.1980).

Scotella knew that by selling the boat he injured Pioneer by depriving Pioneer of its collateral. Scotella, while aware of his contractual obligations, sold the boat without Pioneer's knowledge or authorization, and thereafter concealed the sale from Pioneer. Had there been evidence of knowledge or consent to Scotella's conduct in this or previous dealings between the parties, the result would be different. *See Davis v. Aetna, supra.* Scotella consciously violated Pioneer's rights, in a wrongful manner and without just cause. Thus, Scotella's act was "malicious" as defined under § 523(a)(6). *See In re Giantvalley, supra,* a case closely on point.

Moreover, Congress intended to make this type of debt nondischargeable:

The intent is to include in the category of nondischargeable debts a conversion under which the debtor willfully and mali-
ciously intends to borrow property for a short period of time with no intent to inflict injury but on which injury is in fact inflicted.

H.R.No.95–595, 95th Cong., 1st Sess. (1977) 364, U.S.Code Cong. & Admin.News 1978, p. 6320.

### CONCLUSION

This court holds that Scotella's sale of the boat, without Pioneer's consent or knowledge, constitutes a "willful and malicious injury to property" within the meaning of 11 U.S.C. § 523(a)(6).

WHEREFORE, IT IS HEREBY ORDERED that the $11,646.60 debt owed to the Pioneer Bank and Trust Company by the debtor, John Kenneth Scotella, be and hereby is declared to be a nondischargeable debt.