In re Denis G. PICARD, Debtor.

Thomas J. CORBETT, Plaintiff,

v.

Denis G. PICARD, Defendant.

Bankruptcy No. 91–20292.
Adv. No. 91–2050.

United States Bankruptcy Court,
D. Maine.

Oct. 24, 1991.

Thomas M. Mangan, Lewiston, Me., for debtor/defendant.

Francis M. Jackson, Portland, Me., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

On June 7, 1990, Thomas J. Corbett ("Plaintiff") obtained a judgment in a non-jury trial against Denis G. Picard ("Debtor") in the Cumberland County Superior Court. The judgment was for compensatory damages in the amount of $65,000.00, plus interest and costs, following an incident in which the Debtor shot and injured the Plaintiff. *See Corbett v. Picard*, Docket No. CV–87–73. Almost one year later, on March 19, 1991, the Debtor filed a petition for bankruptcy protection pursuant to Title 11 U.S.C. Chapter 7 of the Bankruptcy Code.

Plaintiff then timely filed a complaint in this Court objecting to the discharge of that judgment. In his complaint, Plaintiff alleges that the state court judgment should be nondischargeable pursuant to 11 U.S.C. § 523(a)(6)[1] because Debtor's actions were willful and malicious.

1. A debt is excepted from discharge under this subsection if it arises from a "willful and mali-

Debtor has simultaneously answered and moved to dismiss the complaint on the ground that the state court's findings, with respect to Debtor's own conduct, bind this court in the present dischargeability proceeding. The Debtor notes that in that written decision, the Superior Court justice specifically stated:

[Debtor's] actions were negligent ... No punitive damages are awarded for two reasons: first, there is no real evidence of [Debtor's] financial circumstances ... Second, and more importantly, I do not find that [the Debtor] acted out of motives revenge or malice toward [Plaintiff]. Rather, [Debtor's] assessment of the situation and his decision to use deadly force against [Plaintiff] was an extremely reckless decision. There is a serious question in Maine whether punitive damages are available in situations where people act recklessly ... *Tuttle v. Raymond,* 494 A.2d 1353 (Me.1985) (quoted verbatim)

*Id.* at 5–6.

■ The issue whether collateral estoppel is applicable to bankruptcy litigation presents a case of first impression in this district.[2] In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court considered the parallel question of whether res judicata should apply to dischargeability proceedings.[3] While holding res judicata inapplicable, the Court suggested that collateral estoppel may be more appropriate. *Id.* at 139, n. 10.

Policy objectives provide the most persuasive justification for this court to hold the principles of collateral estoppel applicable to these proceedings. "Furtherance of judicial economy, reliance on judicial decisions and the final resolution of disputes all favor [bankruptcy courts] giving issue preclusive effect to a prior judgment." *In re Dubian,* 77 B.R. 332 (Bankr.D.Mass.1987).

This court agrees with the above-stated policy objectives and will deny relitigation of a particular issue when the commonly cited four-part test employed in *In re Ross,* 602 F.2d 604 (3rd Cir.1979), is fulfilled:

1) the issue sought to be precluded must be the same as that involved in the prior action;

2) that issue must have been actually litigated;

3) it must have been determined by a valid and final judgment; and

4) the determination must have been essential to the prior judgment.

*Id.* at 608.

■ In applying the collateral estoppel test to this case, this Court finds no difficulty in determining that the last three prongs of the test have been satisfied. It is obvious that the issues in the state court case were fully litigated, resulting in a valid and final judgment by that court. It is also clear that the state court found recklessness, not malice, and thereby refused to award punitive damages. Thus the primary question centers on the first prong, which is whether the same issue arising from Debtor's conduct is being decided by both the state court and the bankruptcy court.

The Superior Court justice cites *Tuttle v. Raymond, supra,* to support his notion that only a finding of malice warrants the imposition of punitive damages. In *Tuttle,* the Supreme Judicial Court indicated that such a finding could be based upon either express or implied malice. The court noted that malice is express "where the defendant's conduct is motivated by ill will toward the plaintiff," and will be implied "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party,

cious injury by the debtor to another entity or to the property of another entity." § 523(a)(6).

2. In *Massachusetts v. Hale,* 618 F.2d 143 (1st Cir.1980), the Court of Appeals for the First Circuit was presented with this issue but avoided it. Instead, the court decided the case on narrower grounds and declined to rule on the broader issue of collateral estoppel.

3. It is important to recognize the difference between collateral estoppel and res judicata. Collateral estoppel, also known as issue preclusion, bars the relitigation of a particular issue which was necessary to a prior judgment. Res judicata, or claim preclusion, prevents relitigation of an entire cause of action between the same parties once decided by a final judgment.

is so outrageous that malice ... can be implied." *Id.* at 1361. Furthermore, malice will "*not* be established by the defendant's mere reckless disregard of the circumstances." *Id.*

This Court has previously defined the terms in § 523(a)(6) as follows: " 'willful' means 'deliberate' or 'intentional.' 'Malicious' has been defined as 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.' " *In re Greig*, 21 B.R. 583, 584 (Bankr.D.Me.1982).

After comparing the definition employed in the state court case with that applicable to dischargeability proceedings, this Court concludes that the first prong of the issue preclusion test is satisfied and that collateral estoppel is appropriate in this case. Because Debtor's conduct was previously found by the Superior Court justice to be non-malicious, that factual issue has been determined and the Debtor is collaterally estopped from relitigating that point. Debtor's motion to dismiss Plaintiff's complaint is granted.

The foregoing constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

An appropriate order shall issue.